IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

NATALIE MCCOY                                                                     PLAINTIFF

v.                                          CIVIL NO. 13-2068

CAROLYN W. COLVIN,[1] Commissioner
Social Security Administration                                                    DEFENDANT

## **O R D E R**

On March 6, 2013, Plaintiff submitted a complaint for filing in this district, together with

a request for leave to proceed *in forma pauperis* ("IFP").  ECF Nos. 1, 2.  For reasons stated

below, Plaintiff's motion is denied.

Federal courts have the statutory authority to permit the commencement of a civil action

without prepayment of fees or costs by a person who submits an affidavit that he or she is unable

to pay such costs or give security therefor.  28 U.S.C. § 1915(a).  The purpose of 28 U.S.C. §

1915 is to ensure that indigent litigants have an entre, not a barrier, to the federal courts.  *In re*

*Williamson*, 786 F.2d 1336, 1338 (8th Cir. 1986) (quoting *Souder v. McGuire*, 516 F.2d 820, 823

(3rd Cir. 1975)).  Although a claimant need not be "completely destitute" to take advantage of

the IFP statute, he or she must show that paying the filing fee would result in an undue financial

hardship.  *Williamson*, 786 F.2d at 1338.

Plaintiff's IFP application reveals that she is employed and receives approximately

$5970.00 per month in take-home pay.  ECF No. 2.  Additionally, Plaintiff has the following

assets: checking/savings account with a $200.00 balance; 401K account totaling $98,000.00; a

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security.
Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for
Commissioner Michael J. Astrue as the defendant in this suit.

home; two cars; and jewelry valued at $4,000.00. Plaintiff has the following monthly expenses: mortgage payment- $1625.00; Equity loan- $800.00; car payments- $1025.00; student loan- $130.00; Kohl's account- $100.00; QVC account- $100.00; doctor's bill- $70.00; Pier 1 account- $60.00; Best Buy account- $100.00; UAMS- $250.00; ANPAC- $150.00; utilities- $470.00; food/groceries- $300.00; and gasoline- $150.00. She has a total of $188,600.00 in debt or financial obligations. Plaintiff has one dependent, to whom she contributes $700.00 per month.

Here, although Plaintiff has acquired an exceedingly large amount of debt, she is by no means destitute. According to the information supplied by Plaintiff, she receives an annual net income of $71,640.00. Section 1915 is designed to protect those litigants who suffer from true financial hardship, not those who are well-equipped to pay the filing fee but choose to allocate their resources in a different manner. As such, Plaintiff has not shown that paying the filing fee would create an undue financial hardship. For these reasons, the undersigned finds that a waiver of the filing fee would be inappropriate in this instance.

Accordingly, Plaintiff's motion for leave to proceed IFP is DENIED. Plaintiff is directed to tender the filing fee of $350.00 by April 8, 2013. Should Plaintiff fail to comply within the required period of time, her complaint will become subject to summary dismissal for failure to obey a court order.

IT IS SO ORDERED this 7th day of March 2013.

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

2