IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

NATALIE MCCOY                                                                                    PLAINTIFF

vs.                                              Civil No. 2:13-cv-02068

CAROLYN W. COLVIN                                                                           DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Natalie McCoy ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Act.  The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 6.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff's disability application has been pending for nearly ten years.  On September 23, 2004, Plaintiff filed her DIB application. (Tr. 16).  In this application, Plaintiff alleges an onset date of January 1, 1993.  *Id.*  Plaintiff alleges being disabled "due to scoliosis, lower back pain, arthritis, left foot deformity, and depression."  *Id.*

This application was denied initially and again upon reconsideration.  (Tr. 26-28).  On May

---

[1] The docket numbers for this case are referenced by the designation "ECF No. __."  The transcript pages for this case are referenced by the designation "Tr."

1

18, 2006, an administrative hearing was held on Plaintiff's DIB application. (Tr. 337-394). Thereafter, on October 25, 2006, the ALJ entered a fully unfavorable decision denying Plaintiff's application for DIB. (Tr. 426-449).

Plaintiff then appealed that denial to the Western District of Arkansas, Fort Smith Division. (Tr. 460-465). *See McCoy v. SSA,* 2:07-cv-02100 (W.D. Ark. Sept. 17, 2007). On May 29, 2008, the Honorable U.S. Magistrate Judge James R. Marschewski remanded Plaintiff's action to the Social Security Administration for further administrative review. ECF Nos. 10-11. In the Memorandum Opinion remanding that action, Judge Marschewski stated Plaintiff's action need to be remanded to further develop the findings of Dr. Richard McCarthy, Plaintiff's treating surgeon. (Tr. 463). Judge Marschewski also noted the "relevant time period in this case is January 1, 1993, plaintiff's alleged onset date, through December 31, 1998, plaintiff's date last insured. As such, only evidence specifically related to plaintiff's condition during this time period will be relevant to the ALJ's decision on remand." (Tr. 464-465).

Thereafter, the ALJ held a second administrative hearing on December 3, 2008. (Tr. 441). After that hearing, the ALJ again entered a fully unfavorable decision. (Tr. 441-449). This decision was entered on August 26, 2009. *Id.* On July 29, 2011, the Appeals Council remanded Plaintiff's case back to the ALJ. (Tr. 480-482). The Appeals Council remanded Plaintiff's case because "the record upon which the Administrative Law Judge based the decision could not be located." *Id.*

Accordingly, the ALJ held a third administrative hearing on February 7, 2012. (Tr. 854-907). At this hearing, Plaintiff was present and was represented by counsel, Fred Caddell. *Id.* Plaintiff and Vocational Expert ("VE") Montie Lumpkin testified at this hearing. *Id.* During this hearing, Plaintiff testified she was fifty (50) years old. (Tr. 860). Plaintiff also testified, however, that she was only

thirty-seven (37) years old when her insured status expired on December 31, 1998. *Id.* A thirty-seven (37) year old would be classified as a "younger person" under 20 C.F.R. § 404.1563(c) (2008). Further, Plaintiff also testified at this hearing that she completed high school and two years of college. *Id.*

On June 20, 2012, the ALJ entered a third fully unfavorable decision on Plaintiff's disability application. (Tr. 406-414). In this decision, the ALJ found Plaintiff last met the insured status requirements of the Act on December 31, 1998. (Tr. 408, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") during the time-period from her alleged onset date of October 1, 1993 through her date last insured of December 31, 1998. (Tr. 408, Finding 2). The ALJ determined that through her date last insured, Plaintiff had the following severe impairments: scoliosis status post fusion surgery; incisional hernia; and residuals of foot surgery. (Tr. 408, Finding 3). The ALJ, however, also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 408-410, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 410-414, Finding 5). First, the ALJ found Plaintiff's subjective allegations were not supported by the overall record and were not fully credible. *Id.* Second, in accordance with that finding, the ALJ determined Plaintiff retained the RFC to perform the "full range of sedentary work." *Id.* The "full range of sedentary work" includes the following:

> (a) Sedentary work. Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary

criteria are met.

20 C.F.R. § 404.1567(c) (2012).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 414, Finding 6). The ALJ determined Plaintiff's PRW included work as an accounting clerk. *Id.* Based upon her RFC, the ALJ found Plaintiff retained the capacity to perform this PRW. *Id.* Because she retained the capacity to perform her PRW, the ALJ found Plaintiff had not been under a disability, as defined by the Act, at any time from October 1, 1993 (her alleged onset date) until December 31, 1998 (her date last insured). (Tr. 414, Finding 6).

On February 12, 2013, the Appeals Council denied Plaintiff's request for review of the ALJ's June 20, 2012 decision. (Tr. 395-397). On March 6, 2013, Plaintiff filed the current action. ECF No. 1. The Parties consented to the jurisdiction of this Court on March 8, 2013. ECF No. 6. Both Parties have filed appeal briefs. ECF Nos. 11-12. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible

to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers

the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

Plaintiff raises several arguments for reversal in her briefing. ECF No. 11. Importantly, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence because the "ALJ erred by failing to comply with the Federal Court Remand." *Id.* at 11. Having carefully reviewed the record in this action, this Court finds this argument is merited, and the ALJ did not properly consider the findings of Plaintiff's treating physician, Dr. McCarthy, in assessing Plaintiff's RFC.

As noted above, on May 29, 2008, Judge Marschewski remanded Plaintiff's case to further develop the record as to the findings of Plaintiff's treating physician, Dr. McCarthy. (Tr. 463-465). The time-period at issue in this case is Plaintiff's alleged onset date of October 1, 1993 through her date last insured of December 31, 1998. *Id.* The ALJ was directed to assess Dr. McCarthy's findings during that time-period to determine whether Plaintiff was disabled. *Id.*

After this remand, to further develop Dr. McCarthy's findings, on August 1, 2008, Dr. McCarthy completed an Attending Physician's Statement. (Tr. 619). In this report, Dr. McCarthy commented on Plaintiff's abilities on or before December 31, 1998. *Id.* In this statement, Dr. McCarthy reported he first began treating Plaintiff in 1993. *Id.* He diagnosed her with severe scoliosis and degenerative disc disease. *Id.* He reported that from 1993 until 1998 she would need to take unscheduled breaks during an 8-hour work shift, would likely be absent from work more than four days per month, and would be incapable of working eight hours per day or forty hours per week. *Id.*

In the June 20, 2012 decision, the ALJ considered this August 1, 2008 report. After considering this report, the ALJ discounted Dr. McCarthy's findings. (Tr. 413). The ALJ decided to discount the findings from this August 1, 2008 report because the ALJ believed they were not consistent with Dr. McCarthy's previous findings related to Plaintiff's disability. *Id.* Notably, in June of 2006, Dr. McCarthy stated there was *"insufficient information in her chart to determine her level of disability on or prior to 1998."* (Tr. 552) (emphasis added). The ALJ found this statement was inconsistent with his August 1, 2008 finding of disability. (Tr. 413).

Upon review, Dr. McCarthy did state in June of 2006 that there was "insufficient information in her chart to determine her level of disability on or prior to 1998." (Tr. 552). However, in making this statement, it appears Dr. McCarthy merely did not wish to address the ultimate question of disability. *Id.* Certainly, he was correct in this determination because the SSA has the responsibility for determining whether a claimant suffers from a disability. *See* 20 C.F.R. § 404.1527(e)(1) ("We [the SSA] are responsible for making the determination or decision about whether you meet the statutory definition of disability. . . . A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled").

Indeed, it does not appear Dr. McCarthy had *no knowledge* of Plaintiff's impairments from 1993 until 1998. During the same month in June of 2006, Dr. McCarthy wrote a lengthy narrative wherein he outlined the history of Plaintiff's treatment during the relevant time-period (1993 until 1998). (Tr. 550-551). He stated that in 1995, Plaintiff was required to undergo "two spinal surgeries for correction of her deformity [scoliosis]." (Tr. 550). One was a "very extensive surgery which carries significant risk and prolonged recovery and rehabilitation for adults who undergo this surgery." *Id.* Dr. McCarthy noted Plaintiff "required care in the Surgical Intensive Care Unit

7

following both procedures." *Id.*

Dr. McCarthy noted that in June of 1998, Plaintiff "underwent surgery on her foot which changed her gait pattern and significantly exacerbated the left-sided low back pain and SI joint pain." (Tr. 550). He noted "[t]his gait abnormality has put additional stress on her low back and SI joint which increases her pain and occurs with any activity." (Tr. 551). He concluded with the following statement: "Mrs McCoy underwent major life-threatening spinal surgery to reconstruct her spine in an attempt to restore some quality to her life. We were successful to a degree but not completely. She will always have a certain amount of pain and disability from her significant scoliosis deformity." *Id.*

Based upon this review, Dr. McCarthy's findings from August of 2008 were not necessarily inconsistent with his June of 2006 findings. Accordingly, the ALJ discounted Dr. McCarthy's findings in his August of 2008 report without a "good reason." *See Anderson v. Astrue,* 696 F.3d 790, 793 (8th Cir. 2012) ("[u]ltimately, the ALJ must 'give good reasons' to explain the weight given the treating physician's opinion"). In fact, upon review of the ALJ's decision in this matter, the ALJ has provided no other legitimate basis for rejecting the findings of Dr. McCarthy, the physician who treated Plaintiff during this time-period. (Tr. 410-414). Thus, this case must be reversed.

Furthermore, as to the time period from Plaintiff's alleged onset date of October 1, 1993 through her date last insured of December 31, 1998, this Court finds no further administrative development is necessary. Thus, as to that time period alone, this case can be reversed and rendered for a closed period of disability. *See Andler v. Chater,* 100 F.3d 1389, 1394 (8th Cir. 1996) (holding that "[i]f the record presented to the ALJ contains substantial evidence supporting a finding of disability, a reviewing court may reverse and remand the case to the district court for entry of an order

granting benefits to the claimant"). Such a remedy is especially appropriate where "further hearings would merely delay benefits." *Id.* However, because it appears Plaintiff returned to work on a "full-time" basis after December 31, 1998, the Court declines to award benefits after that date. (Tr. 129, 362).

4. **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and rendered for an award of benefits for the closed period of disability from October 1, 1993 until December 31, 1998. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 28th day of July 2014.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE